IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

MAR 1 9 2018

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| STAR INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>IRON HORSE TOOLS, INC. and<br>GENERAL ELECTRIC<br>COMPANY, d/b/a GE LIGHTING,<br><br>Defendants. | CV-16-48 -BLG-SPW<br><br><br>ORDER |

Before the Court are United States Magistrate Judge Timothy Cavan's findings and recommendations filed February 7, 2018. (Doc. 51). Judge Cavan recommends this Court deny General Electric's motion for summary judgment (Doc. 28), grant Star Insurance's motion to strike the reply brief of Iron Horse (Doc. 40), and grant in part and deny in part General Electric's motion to strike the affidavit of Michael J. Foley (Doc. 43).

**I.  Standard of review**

General Electric and Iron Horse filed timely objections to the findings and recommendations. (Docs. 52 and 53). General Electric and Iron Horse are entitled to de novo review of those portions of Judge Cavan's findings and

recommendations to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## II. Background

General Electric and Iron Horse object to Judge Cavan's conclusion that disputed facts prevent summary judgment as a matter of law, but do not object to Judge Cavan's background section. Judge Cavan's background section is adopted in full.

## III. Discussion

Iron Horse argues its reply brief should have been permitted because it properly joined General Electric's motion for summary judgment and was therefore a moving party entitled to a reply brief.

General Electric argues its motion to strike the Foley affidavit should have been granted in full because the affidavit went beyond the scope of Foley's disclosed expert opinion.

General Electric and Iron Horse argue they should have been granted summary judgment because Star Insurance has failed to introduce facts showing a General Electric halogen bulb was used in the fixture in question.

### A. Iron Horse's reply brief was improper

The Court has read Star Insurance's motion to strike Iron Horse's reply brief, Iron Horse's response, Star Insurance's reply, Judge Cavan's

recommendation that the motion be granted, and Iron Horse's objection to Judge Cavan's recommendation. The Court agrees with Judge Cavan's reasoning, adopts it in full, and overrules Iron Horse's objection. Star Insurance's motion to strike Iron Horse's reply brief is granted.

### B. The Foley affidavit was mostly proper

The Court has read General Electric's motion to strike the Foley affidavit, Star Insurance's response, General Electric's reply, Judge Cavan's recommendation that the motion be granted in part and denied in part, and General Electric's objection to Judge Cavan's recommendation. The Court agrees with Judge Cavan's reasoning, adopts it in full, and overrules General Electric's objection. The Court adds two things. First, a party is allowed to submit affidavits to oppose summary judgment. Fed. R. Civ. P. 56(c)(1)(A). Second, it is not unusual for a party to use an expert's pretrial sworn statement to support or oppose a motion for a summary judgment. Generally, the statement comes in the form of deposition testimony taken during discovery. The Court is unaware if Foley was deposed in this case. Regardless, the critical question is whether the statement impermissibly goes beyond the scope of the expert's disclosed opinion. Here, as reasoned by Judge Cavan, paragraph 18 of the Foley affidavit went beyond the scope of Foley's disclosed opinion and should be struck. The Foley affidavit is otherwise within the scope of Foley's disclosed opinion. General Electric's motion

to strike the Foley affidavit is granted with regard to paragraph 18 of the Foley affidavit but otherwise denied.

In its objections, General Electric made a brief reference to Foley's lack of credentials. However, General Electric's motion to strike Foley's affidavit was based on it containing previously undisclosed opinions, not that Foley was unqualified. Furthermore, the proper vehicle to exclude an unqualified expert is a motion to exclude under Rule 702. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 145 (1999). To the extent General Electric objects to Foley's qualifications, the objection is overruled as improperly raised.

### C. Whether a General Electric halogen bulb was used in the fixture in question is a disputed fact

General Electric and Iron Horse argue Star Insurance has come forth with no facts that prove a General Electric halogen bulb was used in the fixture. Star Insurance responds that circumstantial evidence proves a General Electric halogen bulb was used in the fixture. Judge Cavan agreed with Star Insurance.

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a

material fact is genuine if there is sufficient evidence for a reasonable factfinder to return a verdict for the nonmoving party. *Liberty Lobby*, 477 U.S. at 248.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party must "go beyond the pleadings and by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The opposing party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.") (citing *Anderson*, 477 U.S. at 252).

When making this determination, the Court must view all inferences drawn from the underlying facts in the light most favorable to the non-moving party. *See Matsushita*, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury

functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

The line between reasonable inference and speculation is thin. *See Sunward Corp. v. Dun & Bradstreet, Inc.*, 811 F.2d 511, 521 (10th Cir. 1987). Courts have long attempted to define when an inference becomes speculation, but none have done so with any precision. *See Tose v. First Pennsylvania Bank, N.A.*, 648 F.2d 879, 895 (3rd Cir. 1981). The difficulty is that at some point, a judge's own perception of reasonableness comes into play. Most cases stop short of that point. But in close cases, judges are confronted with "difficult line-drawing determinations." *Sunward Corp.*, 811 F.3d at 521. Variance from judge to judge in where that line is drawn is unavoidable. Cognizant of that variance, many judges subscribe to the theory that close calls should go to the jury. *See Wills v. Brown University*, 184 F.3d 20, 31 (1st Cir. 1999) ("[J]uries are there to decide close cases . . . ."). Juries are better positioned to make the right decision in a close call because they, unlike judges, may make credibility determinations, weigh evidence, and draw or decline to draw inferences. *Anderson*, 477 U.S. at 255.

Here, Star Insurance's theory is that, because of Iron Horse's negligence and General Electric' defective product, a General Electric halogen bulb caused a warehouse fire. To prove it was a General Electric halogen bulb in the fixture in question, Star Insurance relies on the following facts: Iron Horse employees

admitted to purchasing and using halogen bulbs in a separate fixture, Iron Horse employees admitted that spare halogen bulbs may have been present in the warehouse, two broken General Electric halogen bulbs were found near to the fixture in question, the two broken General Electric halogen bulbs were in ceramic fixtures, fragments of ceramic were found underneath or next to the fixture in question, the fragments of ceramic were consistent with an exemplar ceramic fixture that is conducive to halogen bulbs.

Countering Star Insurance's evidence, General Electric and Iron Horse have direct evidence from Iron Horse employees who swear under oath that they never used a halogen bulb in the fixture in question.

Whether it may reasonably be inferred from Star Insurance's circumstantial evidence that a General Electric halogen bulb was used in the fixture in question presents a close call. What may seem like speculation to the Court may seem like a reasonable inference to a different judge. For that reason, the Court agrees with Judge Cavan that the case should go to the jury. The jury, unlike the Court, is not required to view all inferences drawn from the evidence in the light most favorable to Star Insurance. Similarly, the jury, unlike the Court, may make credibility determinations and weigh evidence. *Anderson*, 477 U.S. at 255. The Court holds there is a material issue of fact regarding whether a General Electric halogen bulb was used in the fixture in question.

## IV. Conclusion and order

It is hereby ordered that:

1. Judge Cavan's findings and recommendations (Doc. 51) are adopted in full;

2. General Electric's objections (doc. 53) are overruled;

3. Iron Horse's objections (Doc. 52) are overruled;

4. General Electric's motion for summary judgment (Doc. 28) is denied;

5. Star Insurance's motion to strike Iron Horse's reply brief (Doc. 40) is granted; and

6. General Electric's motion to strike the affidavit of Michael J. Foley (Doc. 43) is granted with respect to paragraph 18 of Foley's affidavit but otherwise denied.

DATED this 19th day of March, 2018.

Susan P. Watters
United States District Court Judge